Our next case for argument is United States v. Lucero-Asencio Mr. Hamernick Good morning, Your Honors, and may it please the Court Counsel I'm Jared Hamernick, and I'm here on behalf of Erlin Lucero-Asencio I'd like to reserve about two minutes for rebuttal, if I may We've raised two issues in this appeal The first is whether the District Court plainly erred when it sentenced Mr. Lucero-Asencio using the methamphetamine actual provisions of Section 2D, 1.1 of the Guidelines rather than the generic version of the methamphetamine guidelines under that provision The second argument that we've raised is that the District Court procedurally erred when it imposed a $500 fine against Mr. Lucero-Asencio without explaining why it was imposing that fine or providing any analysis of the 3572A factors that the Court is required to consider in addition to the 3553A factors Unless the Court wants to start me out somewhere, I'll just jump right in to what I think of as the closest question to my client's ability to obtain relief on this appeal and that's the waiver forfeiture question on the first issue Could I jump in? Sure, please Lab reports Yeah So, we don't have the lab reports in the record, I don't see them in the record The government mentions that the lab reports do exist and they're provided to defendants' counsel below Do the lab reports substantiate the amounts that the District Court relied upon as part of sentencing? I don't know the answer to that question because the lab reports are not in the record and I wasn't the defense counsel in the District Court So, I simply don't know the answer to that question The government's counsel may have an answer to that, it's outside of the record And of course, on appeal, we are bound by the record So, what we have here in terms of actual record evidence of the weight of this 4,489 grams of methamphetamine All we have on that is the officer's statement, Agent Collins' statement that the drugs were sent out and they came back Of course, the reason they're not in the record is that the defense counsel at trial said that the defense agreed with the pre-sentence report's calculations That's a pretty evident waiver So, I understand that this is a close call on the waiver issue It's not a close call That is, almost by definition, a waiver If you stand up and say, PSR says X, we agree, that's a waiver Your argument seems to be, it was a stupid waiver You didn't get anything in exchange for that, and therefore you should ignore it It would be like a defendant saying, after I was arrested, after the Miranda warnings I waive my right to counsel, because I said I don't want a lawyer But that was stupid, I should have asked for a lawyer And therefore, the waiver is inapplicable, and the statement should be suppressed You know how far that argument would get It would not get anywhere Why is your argument any better? Because the statement that my client agreed with the basic defense level did not address the purity question of the drugs And we think that the statement was, there's no strategic reason to forego an argument We agree that the statement was improvident, but it is what it is There's no requirement in the definition of a waiver that it be the best line of defense If it was stupid, it might arguably be ineffective assistance of counsel But it is what it is Well, it certainly is what it is, but I don't think that what it is is a waiver of an argument about the purity of the methamphetamine What it is, is a statement about the basic defense level I think that this case looks, to me, a whole lot like United States v. Johnson I know there are a couple of Johnson cases cited in the briefs This is the case, the Percurium opinion from 2024 In that case, the fact pattern was almost identical The defense raised other issues in the district court and then challenged the meth purity question on appeal The defense counsel did not object to the basic defense level in the district court This wasn't a problem of not objecting This was a problem of counsel standing up and saying, we agree There's a big difference between these things I don't dispute that at all But what I'm suggesting is that when you look at the background principles that sort of inform how the court thinks about the waiver-forfeiture distinction which include the idea that those principles are construed liberally in criminal defendants' favor and that when a particularly strong or impactful argument is the one that's arguably waived this court looks for really significant indications of affirmative waiver by looking for a strategic reason to give up the argument and I just don't see one on the record So, in the Miranda case, you would say the defendant had no strategic reason for waiving the right to counsel therefore there was no waiver and therefore the statement is inadmissible Has any court ever brought an argument, anything like that? Not to my knowledge I don't think that case exists But the place that I would push back very respectfully is that in that situation you are waiving the right to counsel Here, the waiver arguably goes to the base offense level but it does not go to a meth purity question It seems like it would be useful to know what the lab report said for us to decide whether or not that concession was strategic or not strategic Obviously because if the lab report substantiated the government's claim it would be improvident to raise such an objection even on the examination of the officer because if they had cross-examined the officer the government would have just shown them the lab report And so, while I recognize that on appeal with regard to the findings of district court and district court's conclusions that you're limited to the record it seems to me that for arguments like waiver where you're raising it for the first time here that such information would be useful and I was surprised that neither side provided that information to us because certainly that would be relevant to assess whether or not the decision not to object to that below was knowing and intentional I take your point seriously It did not occur to me that under Federal Rule of Appellate Procedure 10 that we could submit that sort of evidence for the appeal I'm not sure that that would be permissible to consider But I guess what I would suggest, what I would argue is that that gap in the record has to be held against the government not against my client because it's the government's record No, the standard of plain error, if that's what's applicable puts the burden in all respects on the defendant no burden on the government And that's a holding of the Supreme Court We're not going to flip it Sure, and I hope you don't flip the holding of the Supreme Court in Rosales-Morales either where the plain guidelines error is ordinarily entitled to relief on plain error review My only point in saying it's the government's burden is that it was the government's burden at sentencing to introduce reliable evidence to obtain the guidelines Only if it's a contested issue And if defense counsel says this issue isn't contested you don't put in evidence It's just like anything at trial You put in evidence about the contested issues Sure, and that's why we rely on Johnson SC I'm not getting too far and I'm almost to my rebuttal time so if I can just briefly pivot to the fine question We recognize that the $500 fine is well below the guidelines and yet the district court did not provide any independent reason for the fine Nothing in the 3553 analysis explains it The PSR, to the extent that the court did adopt it after resolving the party's disputes about the guideline calculation Nothing in the PSR supports a $500 fine for a gentleman who has no income, no assets and is sure to be deported upon his release from prison to one of the poorest countries in the world as the record does indicate With that, if I may reserve my time, I will do so now Certainty counsel Mr. Rees May it please the court Brian Reis for the United States As the court has recognized Mr. Lucero Asensio's affirmative statement of district court as a definitional waiver So I will jump in with that to judge your questions about the evidence So this is of course outside the record which I'll get to that point We have 33 lab reports showing about 20 kilograms of actual methamphetamine which I can say that's probably why Mr. Lucero Asensio's attorney didn't object because he didn't want that She didn't want that damaging evidence in the record Of course, it's not in the record here We don't think that would be proper This court is not a fact-finding court And your honor's question goes to strategy And strategy is sufficient but not necessary for waiver And when a defendant or any litigant in that fact says to a district judge We agree with this, strategy is irrelevant Now, it is understandable that the court is curious about this factual dispute Mr. Lucero Asensio has a perfect avenue to do so That's a 28 U.S.C. 2255 motion He can raise an ineffective assent to the counsel claim Say his attorney was ineffective for not making this objection And at that point, we will be able to supplement the record Put in the lab reports disproving deficiency and prejudice But what we should not have to do is fight this argument with one hand tied behind our back Because Mr. Lucero Asensio sandbagged at sentencing On the fine point, we will just say that Mr. Lucero Asensio did not prove a complete inability to pay ever And he can work and pay a $500 fine in prison If the court has no questions Will he have the same ability for receiving remuneration Given his undocumented status No, Your Honor Sorry, I didn't mean to interrupt But no, Your Honor, as we put in our brief He can't work in Unicor, but he can work It will be less I think his release date is still like 20 or 30 years away So, $500, he can, even if it's penny by penny Can make $500, we think He certainly didn't disprove that ability to make $500 Which is the same Thank you Thank you, Counsel Anything further, Mr. Hamernick? Mr. Lucero Asensio should not have to wait for a potential 2255 To get this problem sorted out It could happen on remand in front of the district court We're not asking for you to reverse and say that the district court Could not have made this finding We're asking for the government to prove it by reliable evidence In this case at sentencing As for the fine, my colleagues pointed out A number of perfectly reasonable things the district court might have said To justify a $500 fine for an impoverished man The district court didn't say any of those things And so we think that's a procedural error We're not raising a substantive challenge We're raising a procedural one And so we would ask this court to vacate and remand on both of these If these errors can be corrected by the district court in the first instance Is there questions? Thank you Thank you very much, counsel The case is taken under advisement